

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,277

**EX PARTE LAKESHA BLOUNT, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 36780-A IN THE 188TH JUDICIAL DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and originally received deferred adjudication community supervision. Her guilt was later adjudicated, and she was sentenced to eighteen months' state jail imprisonment.

Applicant contends that her appellate counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Appellate counsel has submitted an affidavit indicating that he timely prepared and mailed the notice of appeal, but that it was sent to the Court of Appeals rather

than the trial court.

The trial court has determined that appellate counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 36780-A from the 188th Judicial District Court of Gregg County. Applicant is ordered returned to that time at which she may give a written notice of appeal so that she may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: January 27, 2010
Do Not Publish